This is a bill brought by a receiver in bankruptcy to recover the proceeds of certain notes paid over by the bankrupt to the defendant.
The facts are that the defendant was and is treasurer of F. Perry Sons, Incorporated, wholesale dealers in masons' materials. In February, 1926, Kramerman, the now bankrupt, went to Mr. Perry and desired to secure mason materials for a job on Market street, Newark, known as the Leon Realty Company contract. It was agreed that the Perry company would furnish the material and take the notes of the Leon Realty Company made out to Kramerman to the amount of about $8,000 as consideration. This was agreed to by Kramerman. In June, 1926, Mr. Perry found that Kramerman was in difficulties and had received notes from the Leon Realty Company, some of which he had disposed of. Mr. Perry then went immediately to the office of a Mr. Fischel, Kramerman's attorney, and in Kramerman's presence demanded *Page 54 
the notes according to the agreement. Kramerman said, "I promised Mr. Perry the notes." The notes were then produced and turned over by Kramerman to Perry properly endorsed. After this there was another meeting in the outer room of Mr. Fischel's office attended by Kramerman's creditors. At this meeting Perry listed the notes he had received and said, "The notes are out of the picture." After a discussion a trust agreement was drawn up appointing three trustees to manage Kramerman's affairs. No reference is made in this agreement which would lead to the conclusion that the trustees had any interest in the notes turned over to Perry or that he was holding them for the benefit of any other creditor except his own firm. It should be borne in mind that Perry could have enforced his rights by way of stop-notice or mechanics' lien had he so chosen, instead of relying on the agreement above recited.
Without reviewing the testimony further, we come to the question of whether or not Perry agreed to hold these notes in trust for the other creditors.
In the case of Havens v. Brown, 99 N.J. Eq. 75,
Vice-Chancellor Backes discussed a similar situation. He held that an oral contract to hold property in trust for another would not be enforced unless it is established by "clear, unequivocal and convincing proof."
I do not think that this requirement has been met in this case before me. I will therefore advise a decree dismissing the bill. *Page 55